UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DELMAS PIERRE EDWARDS, JR., | Case No. 23-11706 |
| Plaintiff, | Honorable Mark A. Goldsmith |
| | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| GENISYS CREDIT UNION, | |
| Defendant. | |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO DISMISS
(ECF NO. 10)**

## I.    Introduction and Background

Plaintiff Delmas Pierre Edwards, Jr., a Black man, sues Genisys

Credit Union for alleged racial profiling under 42 U.S.C. §§ 1981 and 1983.

ECF No. 1.[1]  He says that a Genisys manager falsely reported to the police

that he (Edwards) tried to open a business trust account using someone

else's identification.  *Id*., PageID.2, 11.  Edwards asserts that the identifying

documents belonged to him and that another bank accepted that

---

[1] The Honorable Mark A. Goldsmith referred this case to the undersigned
for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 4.

documentation the same day that the manager at Genisys rejected them. *Id*., PageID.2.  Edwards' complaint includes exhibits showing that he opened a trust (the "Ingenious Ways Trust") at Citizens Bank and an account at Community Choice Credit Union for ITD XPEDITE LLC.  *Id*., PageID.16-17.

Genisys moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Edwards' complaint.  ECF No. 10.  The motion should be granted.

## II.   Analysis

### A.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League*

2

*of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id*. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings. *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

**B.**

Genisys first argues that Edwards failed to state a claim under § 1981, which "prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors." *Amini v. Oberlin Coll*., 440 F.3d 350, 358 (6th Cir. 2006). "Such a contractual relationship need not already exist, because § 1981 protects the would-be

3

contractor along with those who already have made contracts." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).  But to sustain a claim under § 1981, the "plaintiff himself" must have or "would have rights under the existing or proposed contractual relationship."  *Id.*

In *Domino's Pizza*, the plaintiff was the sole shareholder of a corporation that contracted with the defendant.  *Id*. at 473.  The plaintiff sued under § 1981, alleging that the defendant breached the contract because of racial animus.  *Id*.  But because the plaintiff himself was not a party to the contract, the Supreme Court found that the plaintiff failed to state a claim under § 1981.  "[I]t is fundamental corporation and agency law—indeed, it can be said to be the whole purpose of corporation and agency law—that the shareholder and contracting officer of a corporation has no rights and is exposed to no liability under the corporation's contracts."  *Id.* at 477.

Trying to avoid dismissal, the plaintiff in *Domino's Pizza* argued that he had § 1981 standing because he "'negotiated, signed, performed, and sought to enforce the contract'" and was the "'actual target'" of the discrimination.  *Id*. at 477-78.  The Court rejected that argument because the "explicit statutory requirement" is that "the plaintiff be the 'perso[n]' whose 'right…to make and enforce contracts,' § 1981(a), was 'impair[ed],'

4

§ 1981(c), on account of race." *Id*. at 478 (alterations in original).

Like the plaintiff in *Domino's Pizza*, Edwards had no actual or intended contractual relationship with Genisys.  Rather, as he admits in his response to Genisys's motion, he sought to establish a contractual relationship between Genisys and his corporation, ITD EXPEDITE LLC. *See* ECF No. 13, PageID.51.  So had Genisys accepted the application to open a business trust, Edwards would have had no rights in his own name under the contract between Genisys and ITD EXPEDITE LLC.  *Domino's Pizza*, 546 U.S. at 477.

Edwards argues that the holding of *Domino's Pizza* does not preclude his claim because he would have been a third-party beneficiary of the contract with Genisys and his company.  As Edwards notes, the Supreme Court said that it did "not mean to exclude the possibility that a third-party intended beneficiary of a contract may have rights under § 1981." *Id.* at 476 n.3.

State law applies to the question of whether a party may sue as a third-party beneficiary.  *See Arthur Andersen LLP v. Carlisle,* 556 U.S. 624, 631 (2009); *Johnson v. Doodson Ins. Brokerage, LLC,* 793 F.3d 674, 679 (6th Cir. 2015).  Under Michigan law, "[a] third person cannot maintain an action on a simple contract merely because he or she would receive a

benefit from its performance or would be injured by its breach." *Kisiel v. Holz*, 272 Mich. App. 168, 170-71 (2006).  Rather, "[a] person is a third-party beneficiary of a contract only when that contract establishes that a promisor has undertaken a promise directly to or for that person." *Schmalfeldt v. N. Pointe Ins. Co*., 469 Mich. 422, 428 (2003) (citing M.C.L. § 600.1405); *see also Johnson*, 793 F.3d at 679 ("Michigan law looks to the contract itself, focusing on its form and meaning, for evidence that a person or a class is an intended third-party beneficiary because the person or class must be directly referred to in the contract.") (cleaned up).

Edwards does not allege in his complaint that he was an intended third-party beneficiary of the attempted contract between Genisys and his company.  ECF No. 1.  He instead raises his third-party beneficiary claim in response to the motion to dismiss.  ECF No. 13.  But a party may not supplement his pleadings in a response to a dispositive motion.  *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) ("If plaintiffs believe they need to supplement their complaint with additional facts to withstand a motion to dismiss, they have a readily available tool: a motion to amend the complaint under Rule 15.  They cannot amend their complaint in an opposition brief or ask the court to

consider new allegations (or evidence) not contained in the complaint."
(cleaned up)).

And even in his response brief, Edwards does not premise his third-party beneficiary claim on an express promise in the attempted contract, as Michigan law requires.  He argues only that he would have benefitted from the contract between ITD XPEDITE LLC and Genisys.  ECF No. 13, PageID.50-51.  But his expected incidental benefits would not have conferred third-party beneficiary status.  *Kisiel*, 272 Mich. App. at 170-71.  Thus, Edwards does not state a plausible claim under § 1981.  *Johnson*, 793 F.3d at 679.

## C.

Genisys also argues that Edwards' § 1983 claim should be dismissed because it is not a state actor.  The Court agrees.

To make a claim under § 1983, a plaintiff must allege (1) a violation of an existing constitutional right, and (2) that the violation was caused by a person acting under the color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  "If a plaintiff fails to make a showing on any

7

essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

Because Genisys is a private company rather than a state actor, Edwards' complaint needs to plead facts showing that Genisys's actions were "fairly attributable to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). A private entity's actions can be fairly attributable to the state only when it performs a function that has been "traditionally *and* exclusively" reserved to the state. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1929 (2019) (emphasis in original). "Very few functions fall into that category." *Id.* (cleaned up). As an example, a physician who treats prisoners under a contract with the state functions as a state actor because the state holds the constitutional obligation to provide adequate medical care to its prisoners. *West v. Atkins*, 487 U.S. 42 (1988).

Edwards states no facts in his complaint or response brief suggesting that Genisys's manager was performing a state function when she accused Edwards of fraud. ECF No. 1; ECF No. 13. He argues in his response that Genisys had a policy or custom of racial profiling and discrimination, and that its actions should be condemned. ECF No. 13. But even accepting

those allegations as true, Edwards cannot seek redress through § 1983, as

that statute applies only to state action.

## III.    Conclusion

Edwards' complaint fails to a state claim under §§ 1981 or 1983, so

Genisys's motion to dismiss, ECF No. 10, should be granted.  Before the

period for objections expires (see below), Edwards may seek to amend his

complaint under Federal Rule of Civil Procedure 15(a).[2]

<table>
<tr><td></td><td>s/Elizabeth A. Stafford</td></tr>
<tr><td></td><td>ELIZABETH A. STAFFORD</td></tr>
<tr><td>Dated: January 10, 2024</td><td>United States Magistrate Judge</td></tr>
</table>

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation,

any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And

only the specific objections to this report and recommendation are

---

[2] If Edwards does seek to amend his complaint, he should seek guidance
from this Court's pro se clinic.  The phone number for the clinic is (313)
234-2690.

preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2024.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager
