UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELMAS PIERRE EDWARDS, JR.,

    Plaintiff,               Case No. 23-11706

v.                                HON. MARK A. GOLDSMITH

GENISYS CREDIT UNION,

    Defendant.
_____/

**OPINION & ORDER**
**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 17), (2) GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 10), AND (3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (Dkt. 18)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Elizabeth A. Stafford, issued on January 10, 2024 (Dkt. 17). In the R&R, the magistrate judge recommends that this Court grant Defendant Genisys Credit Union's motion to dismiss the complaint (Dkt. 10).

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373–1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F.

1

Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and adopts the recommendation.

In her report and recommendation, the magistrate judge states that Edwards "may seek to amend his complaint under Federal Rule of Civil Procedure 15(a)" before the period for objections expired. R&R at 9. Edwards did timely file a motion for leave to amend his complaint (Dkt. 18). However, Edwards does not attach a copy of an amended complaint to the motion; he does not explain why he seeks leave to amend, describe the substance of the proposed amendment, or cite to any authority to suggest he has a plausible claim. Accordingly, the Court denies the motion to amend.

### III. CONCLUSION

For the reasons stated above, the Court: (i) adopts the recommendation in the R&R (Dkt. 17), (ii) grants Genisys Credit Union's motion to dismiss (Dkt. 10), (iii) and denies Edwards's motion for leave to amend the complaint (Dkt. 18).

SO ORDERED.

Dated: March 25, 2024  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge